IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| CONOCOPHILLIPS CO., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. G-05-516 |
| | § | |
| TURNER INDUSTRIES GROUP, L.L.C., | § | |
| et al., | § | |
| | § | |
| Defendants. | § | |

**ORDER OF REMAND**

This case comes before the Court on removal from the 239th Judicial District Court of Brazoria County, Texas. For the reasons set forth below, the Court **REMANDS** this case to the 239th Judicial District Court of Brazoria County, Texas.[1]

**I. Background**

On October 22, 2002, Daniela Minnehan filed a lawsuit in Brazoria County against ConocoPhillips and several other defendants, for alleged injury from benzene exposure. Shortly before trial, ConocoPhillips settled the lawsuit with Mr. Minnehan. After the settlement, on August 22, 2005, ConocoPhillips filed a Third-Party Petition against Turner Industries ("Turner") seeking reimbursement for defense costs and indemnity for the settlement amount paid to Mr. Minnehan. On September 27, 2005, Turner removed the action to this Court. ConocoPhillips timely moved for

---

[1]The Court does not consider this Order worthy of publication. Accordingly, it has not requested and does not authorize publication.

1

remand based on arguments that: (1) Turner's removal was procedurally defective since a third-party defendant cannot remove a case; (2) Turner's removal was untimely; and (3) the Parties in this case are not diverse.  For purposes of this Motion, the Court assumes, without deciding, that the Parties are diverse, and finds that remand is appropriate because Turner was not entitled to remove this action, and in any event, its removal was untimely.

## II.  Removal by Third-Party Defendant is Not Allowed

The federal removal statute provides that "[e]xcept as otherwise expressly provided . . . any civil action brought in a State court of which the district courts . . . have original jurisdiction, may be removed by the *defendant or defendants,* to the district court . . . for the district and division embracing the place where such action is pending."  28 U.S.C. § 1441(a).  A case can be properly brought in federal court when there is complete diversity of citizenship and the amount in controversy exceeds $75,000.  *See* 28 U.S.C. §§ 1332, 1441(b). Though the Parties dispute it, the Court is presently assuming that this case meets the requirements of 28 U.S.C. § 1332 and could have been originally brought in federal court.

The issue now before the Court is whether third-party defendants such as Turner are "defendants" for purposes of 28 U.S.C. § 1441(a).  In holding that a counter defendant was not a defendant for purposes of removal, the Supreme Court instructed lower courts to strictly construe § 1441.  *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 61 S. Ct. 868, 85 L. Ed. 1214 (1941). In conformance with the Supreme Court's instruction to strictly construe the removal statute, the majority of courts have held that third-party defendants are not "defendants" as the term is used in § 1441(a) and cannot remove an action from state court.  *See First National Bank of Pulaski v. Curry*, 301 F.3d 456, 461-62 (6th Cir. 2002); *BJB Company v. Comp Air Leroi*, 148 F. Supp. 2d 751, 752-53

2

(N.D. Tex. 2001) (collecting cases); 14C CHARLES ALAN WRIGHT, ARTHUR R. MILLER & EDWARD

H. COOPER, FEDERAL PRACTICE AND PROCEDURE § 3731 (3d. ed. 1998).

　　As an exception to the general rule, the Fifth Circuit has held that a third-party defendant can

remove a severed claim on the basis of diversity since removal does not deprive the Plaintiff of his

chosen and appropriate forum. *See Central of Georgia Railway Co. v. Riegel Textile Corp.*, 426 F.2d

935, 937-38 (5th Cir. 1970). Turner argues that this case in its present posture is akin to a severance,

and the Court should apply the rule from *Riegel* to allow removal. This Court declines to expand the

exception from *Riegel*. As noted above, the Supreme Court requires lower courts to construe the

removal statute strictly. This mandate must also apply to the Circuit's interpretation of the removal

statute, by which this Court is bound. Construing the *Riegel* decision strictly requires its limitation

to cases where the claim sought to be removed has been severed from the original claims. Such is

not the case here. The claims against Turner have not been severed, so the *Riegel* rule does not apply.

## III.  Removal is Untimely

　　28 U.S.C. § 1446(b) provides in part that "a case may not be removed on the basis of

jurisdiction conferred by section 1332 of this title more than 1 year after commencement of this

action." This case was originally filed on October 22, 2002, and was not removed until September

27, 2005, almost three years after its inception. Turner argues that the one-year rule of § 1446 should

not be applied here based on an equitable exception established by the Fifth Circuit in *Tedford v.

Warner-Lambert Co.*, 327 F.3d 423 (5th Cir. 2003). That Court noted that "[i]n enacting § 1446(b),

Congress intended to reduce opportunity for removal after substantial progress has been made in state

court. Congress may have intended to limit diversity jurisdiction, but it did not intend to allow

plaintiffs to circumvent it altogether. Strict application of the one-year limit would encourage

3

plaintiffs to join nondiverse defendants for 366 days simply to avoid federal court, thereby undermining the very purpose of diversity jurisdiction." *Id.* at 427.

Again, this Court must strictly construe the exception as laid out by the Fifth Circuit, and the Court finds that it is not applicable here. The *Tedford* Court went on to summarize the exception as follows: "[w]here a plaintiff has attempted to manipulate the statutory rules for determining federal removal jurisdiction, thereby preventing the defendant from exercising its rights, equity may require the one-year limit in § 1446(b) be extended." *Id*. at 428-29. There is no evidence that ConocoPhillips has attempted to manipulate the statutory scheme. In fact, ConocoPhillips added Turner as a third-party defendant as soon as the liability against ConocoPhillips was determined and its claim for indemnity was ripe. This is not an appropriate case for the very limited equitable exception to the one-year rule as established in *Tedford*.

A strict reading of the statute and the Fifth Circuit's interpretations thereof requires the Court to find that removal in this case was untimely. Accordingly, even if Turner was a party properly entitled to remove, the removal was still ineffective, and the case should be remanded.

**IV. Conclusion**

For the reasons outlined above, the Court **GRANTS** ConocoPhillips's Motion to Remand and **REMANDS** this case to the 239th Judicial District Court of Brazoria County, Texas. Each Party is to bear its own taxable costs and expenses incurred herein to date.

**IT IS SO ORDERED**.

**DONE** this 24th day of January, 2006, at Galveston, Texas.

Samuel B. Kent
United States District Judge